IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIA TINOCO and
JESUS TINOCO,

      **Plaintiffs,**

v.                                                      No. 13cv0918 KG/LAM

**DEPUTY JOHATHAN BARRERAS, et al.,**

      **Defendants.**

## ORDER GRANTING MOTION TO STAY DISCOVERY

**THIS MATTER** is before the Court on *Defendants' Motion to Stay Discovery Pending the Court's Disposition of Defendants' Motion to Dismiss (Doc. 19)*, filed February 27, 2014. Plaintiffs filed a response to the motion on March 13, 2014 [*Doc. 22*], and Defendants filed a reply on March 24, 2014 [*Doc. 23*]. Having considered the motion, response, reply, record of the case, and relevant law, the Court **FINDS** that the motion is well-taken and shall be **GRANTED**.

Defendants ask the Court to stay discovery in this case pending a ruling on their motion to dismiss or, alternatively, motion for summary judgment, which is, in part, based on qualified immunity (*Docs. 9* and *15* (errata)).[1] [*Doc. 19* at 2]. Plaintiffs state that they oppose the motion because they contend that "Defendants did not make adequate effort to determine whether the Motion is opposed," in violation of Local Rule 7.1(a). [*Doc. 22* at 1]. Plaintiffs state that they do not oppose the motion "except to the extent that Plaintiffs should be entitled to take discovery on the salient issues raised by the Defendants' pending Motion to Dismiss and/or For Summary Judgment." *Id.* at 2. Specifically, Plaintiffs ask for discovery on the following issues: (1) "The

---

[1] Document 15 corrects Document 9 by stating that the motion to dismiss is filed on behalf of all named Defendants. *See* [*Doc. 19* at 2].

exact nature of the physical interaction which caused Plaintiff Maria Tinoco's injuries;" and (2) "The exact nature of the threats and intimidation tactics used to coerce Crystal Olivas to concede to a search of her parents' home which was not the subject of the investigation and which was not suspected of housing any subjects involved in the investigation."  *Id.*

### *Compliance with Local Rule 7.1(a)*

Local Rule 7.1(a) states that a "[m]ovant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M. LR-Civ. 7.1(a).  Here, counsel for Defendants faxed a letter to counsel for Plaintiffs on February 25, 2014, enclosing a copy of their motion to stay discovery and asking whether Plaintiffs concur with the proposed motion.  *See* [*Doc. 23-1*].  The letter states that counsel for Defendants looks forward to hearing from counsel for Plaintiffs by February 27, 2014 at 9:00 a.m. *Id.*  Counsel for Plaintiffs contends that the motion was filed before he had time to review the motion and determine whether it was opposed.  [*Doc. 22* at 1].  The Court finds that Defendants' February 25, 2014 letter enclosing a copy of the motion to stay discovery and asking for a response as to concurrence adequately satisfies Rule 7.1(a)'s requirement for a "good-faith request for concurrence."  While it might have been better if Defendants' letter more clearly stated that the motion would be filed if counsel for Plaintiffs did not respond by February 27, 2014 at 9:00 a.m., that action is implied by the letter.  Regardless, the Court will not summarily deny this motion since Plaintiffs' counsel was adequately apprised of its content and had an opportunity to respond prior to it being filed.

### *Stay of Discovery*

First, the Court notes that this case has not been set for a scheduling conference pursuant to Fed. R. Civ. P. 16 because there is a pending motion that is dispositive to the claims in this case

(*see Doc. 15*), and the Court has not imposed any discovery deadlines in this case. While the Court's Local Rule 26.4(a) allows parties to proceed with discovery absent a Court order, all parties must be in agreement to proceed with discovery under this rule. Since the Court has not entered any discovery deadlines in this case, it is unclear why Defendants seek a formal stay of discovery. However, because Plaintiffs state in their response to the motion to stay discovery that they are seeking discovery as to matters raised in the motion to dismiss, the Court will consider Defendants motion to stay discovery instead of finding it moot.

Once a motion to dismiss or for summary judgment based on qualified immunity is filed, Defendants are entitled to a stay of discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004). *See also Workman, et al. v. Jordan, et al.*, 958 F. 2d 332, 336 (10th Cir. 1992) ("[W]e reiterate that qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation," *citing Siegert v. Gilley*, 500 U.S. 226, 231 (1991)). The Court may allow discovery for Plaintiffs to respond to the motion for summary judgment based on qualified immunity; however, Plaintiffs must set forth in a Fed. R. Civ. P. 56(d) affidavit specifically what discovery is necessary, what the proposed discovery is likely to disclose, and precisely how the discovered evidence will assist Plaintiffs in overcoming Defendants' prima facie showing of entitlement to summary judgment. *See Ben Ezra, Weinstein and Co., Inc. v. America Online, Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) (citing former Fed. R. Civ. P. 56(f), now codified as 56(d)). Plaintiffs have already responded to the motion to dismiss and, in that response, they ask the Court to allow discovery as to certain issues if the Court deems it necessary in its consideration of the motion. [*Doc. 11* at 4-5, 9-11, and 15]. The question of whether limited discovery is necessary to resolve the motion to dismiss, and whether Plaintiffs have satisfied the requirements under Rule 56(d) is, therefore, before the presiding judge

3

upon review of the dispositive motion.   Therefore, the Court finds that Defendants' motion to stay discovery pending a ruling on their motion to dismiss is appropriate and should be granted.

**IT IS THEREFORE ORDERED** that *Defendants' Motion to Stay Discovery Pending the Court's Disposition of Defendants' Motion to Dismiss (Doc. 19)* is hereby **GRANTED** and discovery is stayed pending a ruling on Defendant' motion to dismiss, after which a scheduling conference will be set pursuant to Fed. R. Civ. P. 16, if it is still necessary.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**