IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIA TINOCO and
JESUS TINOCO,

    Plaintiffs,

vs.                                                     Civ. No. 13-918 KG/LAM

DEPUTY JONATHAN BARRERAS,
DEPUTY JOHN DUFFY, DEPUTY DURAN,
DEPUTY MADISON, in their Individual
and Official Capacities, DONA ANA COUNTY
SHERIFF'S DEPARTMENT, BOARD OF
COUNTY COMMISSIONERS OF DONA ANA
COUNTY,

    Defendants.

MEMORANDUM OPINION AND ORDER

       This matter comes before the Court upon Plaintiffs' Motion to Amend Complaint (Motion to Amend), filed January 30, 2014.  (Doc. 10).  Defendants filed a response on February 21, 2014, and Plaintiffs filed a reply on February 28, 2014.  (Docs. 16 and 20).  Having considered the Motion to Amend and the accompanying briefs, the Court grants the Motion to Amend in part.

*A. Background*

       This is a civil rights 42 U.S.C. § 1983 lawsuit in which Plaintiffs bring unlawful entry, unlawful seizure, excessive force, and supervisory/municipal liability claims.  Plaintiffs also bring a punitive damages claim based on Defendants' actions.  This case arises from a report of someone firing a rifle in the air in, apparently, a residential area and the subsequent alleged warrantless search of Plaintiffs' home and seizure of Plaintiffs.

Plaintiffs' proposed amended complaint (1) adds factual allegations regarding the alleged unlawful entry claim, thereby changing the nature of that claim, (2) clarifies the unlawful seizure claims by specifying that the other individual Defendants assisted Defendant Deputy John Duffy in handcuffing Plaintiff Maria Tinoco, (3) adds new factual allegations regarding the nature of the alleged excessive force claim, (4) includes all individual Defendants in the excessive force claim where previously the excessive force claim was brought against only Defendant Duffy, and (5) clarifies that the individual Defendants contacted Plaintiffs at their son's home.  The parties and claims otherwise remain the same as before.  Defendants oppose the Motion to Amend arguing that the following claims would be futile if the Court allows Plaintiffs to file their proposed amended complaint:  the claims against Defendants Deputy Duran and Madson,[1] the constitutional claims against the individual Defendants, and the supervisory/municipal liability claims.

B. *Standard of Review*

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleadings only with the opposing party's written consent or the court's leave."  Moreover, Rule 15(a)(2) makes explicit that "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2). The purpose of Rule 15(a)(2) is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."  *Hardin v. Manitowoc-Forsythe Corp*., 691 F.2d 449, 456 (10th Cir. 1982).  In *Foman v. Davis,* 371 U.S. 178, 182 (1962), the United States Supreme Court analyzed Rule 15(a)(2), stating that "futility of amendment" is a basis for not freely giving leave to amend.  *Id.* at 182 (quoting Fed. R. Civ. P. 15(a)(2)).  A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason,

---

[1] Defendants state that Defendant Deputy Madison's correct name is "Madson."  (Doc. 15-1) at 11.

including that the amendment would not survive a dispositive motion such as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Gohier v. Enright,* 186 F.3d 1216, 1218 (10th Cir.1999).

C.  Discussion

    *1.  The Unlawful Entry Claim*

The proposed amended complaint contains new allegations that Plaintiffs' daughter, Crystal Olivas, allowed officers to search Plaintiffs' home. Plaintiffs specifically allege that Olivas told "officers" that she did not know anything about guns; that someone told her she had to allow "officers" to search her parents' home; that someone told her that if she did not allow "officers" to search her parents' home, she would be arrested; and that she permitted "officers" to search her parents' home. (Doc. 10-1) at ¶¶ 20-21. Although the original complaint asserts that the individual Defendants unlawfully entered Plaintiffs' home, the original complaint only refers to Defendant Jonathan Barreras[2] attempting to enter Plaintiffs' son's home without a warrant. *See* (Doc. 1) at ¶¶ 9-10, 19.

For the unlawful entry claim based on the new factual allegations to survive a Rule 12(b)(6) motion to dismiss, Plaintiffs must allege facts sufficient to state a plausible claim of relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

---

[2] Defendant Barreras now goes by the name Jonathan Gutierrez. (Doc. 9-1) at ¶ 1.

Here, the Court cannot reasonably infer from the vague references to "officers" that the named individual Defendants are liable for the alleged unlawful entry into Plaintiffs' home. Plaintiffs have not shown "more than a sheer possibility" that the individual Defendants unlawfully entered Plaintiffs' home. Hence, Plaintiffs have not stated a plausible unlawful entry claim under the new factual allegations. Because an unlawful entry claim based on the new factual allegations would not survive a Rule 12(b)(6) motion to dismiss, Plaintiffs' request to amend the complaint to include the new factual allegations and the corresponding unlawful entry claim is futile. The Court will, therefore, deny Plaintiffs' request to amend the complaint to include the unlawful entry claim based on the new factual allegations.

2. *The Unlawful Seizure Claims*

Plaintiffs request that they be allowed to allege that the other individual Defendants assisted Defendant Duffy in handcuffing Plaintiff Maria Tinoco. *See* (Doc. 10-1) at ¶ 11. Adding this allegation does not make the unlawful seizure claims futile. Consequently, Plaintiffs are allowed to make that allegation in an amended complaint.

3. *The Excessive Force Claim*

The excessive force claim pertains only to Plaintiff Maria Tinoco. Plaintiffs continue to allege, as before, that Defendant Duffy grabbed Plaintiff Maria Tinoco from behind causing her to fall with Defendant Duffy on top of her. Plaintiffs, however, now allege that Defendant Duffy also "applied pressure to her head and lower back." (Doc. 10-1) at ¶ 11. In addition, Plaintiffs propose to bring the excessive force claim brought against all of the individual Defendants even though they only allegedly assisted in handcuffing Plaintiff Maria Tinoco. Plaintiffs continue to allege that "officers" lifted her from the ground. *Id.* at ¶¶ 11-12.

Although the new factual allegations support Plaintiffs' claim that Defendant Duffy used excessive force on Plaintiff Maria Tinoco, the Court cannot reasonably infer from those new factual allegations that the other individual Defendants are liable for alleged use of excessive force.  Plaintiffs have not shown "more than a sheer possibility" that the other individual Defendants used excessive force on Plaintiff Maria Tinoco.  Consequently, Plaintiffs have not stated a plausible excessive force claim against the other individual Defendants which could survive a Rule 12(b)(6) motion to dismiss.  Plaintiffs' request to amend the complaint to include the other individual Defendants in the excessive force claim is futile.  Accordingly, the Court denies Plaintiffs' request to amend the complaint to include the other individual Defendants in the excessive force claim.

*4.  The Supervisory/Municipality Claims*

The proposed amended complaint does not change the supervisory/municipal liability claims.  Because those claims are unchanged, the argument that amending the complaint would be futile as to those claims fails.

*5.  Other New Factual Allegations*

Finally, the Court grant Plaintiffs' request to amend the complaint to clarify that the individual Defendants contacted Plaintiffs at their son's home.  (Doc. 10-1) at ¶¶ 5-7.

IT IS ORDERED that Plaintiffs' Motion to Amend Complaint (Doc. 10) is granted in part in that

1.  Plaintiffs are permitted to amend the complaint to add the factual allegations in ¶¶ 5, 6, 7, and 11 of the proposed amended complaint (Doc. 10-1);

2.  Plaintiffs' request to bring a new unlawful entry claim based on Olivas' alleged encounter with officers is denied;

3. Plaintiffs' request to bring the excessive force claim against Defendants Barreras, Duran, and Madson is denied; and

4. Plaintiffs must file their amended complaint no later than ten days from the date the Court enters this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE